# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Terrance Edward Bar, | ) |
| | ) No. 2:21-cv-11444-PDB-DRG |
| Plaintiff, | ) |
| | ) Hon. Paul D. Borman |
| v. | ) |
| | ) Magistrate David R. Grand |
| Kalitta Charters II, LLC, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT KALITTA CHARTERS II, LLC'S REPLY BRIEF IN SUPPORT OF FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

I.    ARGUMENT.................................................................................1

    a.  The "Law of the Case" Doctrine is Not Applicable ........................1

    b.  Plaintiff Fails to Establish Causation ...............................................2

    c.  There Is No Question of Fact As to Whether Darrell Coleman
        Knew About Plaintiff's Complaint ...................................................2

    d.  The *Mys* Doctrine is Inapplicable ...................................................3

    e.  Plaintiff Fails to Establish Pretext ...................................................4

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Lincare, Inc.*,
    No. 18-1154, 2018 U.S. App. LEXIS 24322, at *3-*4 (6th Cir. Aug. 27, 2018) ................................................................................................................ 4-5

*Bar v. Kalitta Charters II, LLC*,
    No. 21-1739, 2022 U.S. App. LEXIS 21412, at *9-*10 (6th Cir. Aug. 2, 2022) ...................................................................................................................4

*Hagan v. Baird,*
    759 F. App'x 468, 477-78 (6th Cir. 2019) ......................................................1

*Majewski v. Automatic Data Processing, Inc.,*
    274 F.3d 1106 (6th Cir. 2001) ...................................................................... 5-6

*McKenzie v. BellSouth Telecomms., Inc.,*
    219 F.3d 508 (6th Cir. 2000) ...........................................................................1

*Mys v. Mich. Dep't of State Police*,
    886 F.3d 591 (6th Cir. 2018) ...........................................................................3

*Sperle v. Michigan Dep't of Corr.*,
    297 F.3d 483 (6th Cir. 2002) ...........................................................................1

**Rules**

Fed. R. Evid. 802 ....................................................................................................1

Red R. Evid. 901 .....................................................................................................1

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

- *Hagan v. Baird*, 759 F. App'x 468, 477-78 (6th Cir. 2019) (holding that the law of the case doctrine does not apply where the earlier proceedings were governed by a different legal standards, such as a Rule 12(b)(6) Motion to Dismiss versus a Motion for Summary Judgment).

- *Sperle v. Michigan Dep't of Corr.*, 297 F.3d 483, 495 (6th Cir. 2002) (holding that a party opposing a motion for summary judgment cannot create a genuine issue of material fact using hearsay or other inadmissible evidence).

- *Mys v. Mich. Dep't of State Police*, 886 F.3d 591, 600 (6th Cir. 2018) (requiring that a supervisor cause another actor to take adverse action against an employee for the supervisor's retaliation to be imputed to the employer).

## I.   ARGUMENT

Plaintiff's response is nothing but a recitation of the conspiratorial theories alleged in his Complaint supported only by unauthenticated, inadmissible, and unintelligible documents[1] that do not establish a question of fact. Kalitta's evidence remains uncontroverted, warranting summary judgment.

### a.   The "Law of the Case" Doctrine is Not Applicable

The Sixth Circuit's holding that Plaintiff properly pled "adverse actions" does not invoke the law of the case doctrine. *See* ECF 44 at PageID 662. An appellate court's "holding on a motion to dismiss does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by discovery." *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 513 (6th Cir. 2000). Also, the doctrine "does not apply to earlier proceedings where a different legal standard governs," such as Rule 12(b)(6) motion to dismiss versus a motion for summary judgment. *Hagan v. Baird*, 759 F. App'x 468, 477-78 (6th Cir. 2019) (a finding that the plaintiff properly *alleged* a claim of conversion did not constitute the law of the case for purposes of a motion for summary judgment on that same issue). Therefore, Plaintiff's argument is without merit.

---

[1] Kalitta moves to strike Exhibits F, G, I, J, K, L, M and N as inadmissible due to a lack of authentication (FRE 901) and violation of the rule against hearsay (FRE 802). A party opposing summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact. *Sperle v. Michigan Dep't of Corr.*, 297 F.3d 483, 495 (6th Cir. 2002).

### b. Plaintiff Fails to Establish Causation

Plaintiff's entire causation argument is a recitation of the allegations of his Complaint, which does not rebut Kalitta's evidence disproving those contentions, and reliance on the Sixth Circuit's findings that he stated a claim for retaliation. ECF 44 at PageID 660. The law of the case doctrine does not apply here, however. Thus, Plaintiff submits no evidence that his complaint was the cause of his termination or the other alleged adverse actions, which is fatal to his claim.

### c. There Is No Question of Fact As to Whether Darrell Coleman Knew About Plaintiff's Complaint

Plaintiff argues that because he left Darrell Coleman a voicemail after Mr. DeBourge showed him a pornographic video, it "strains credulity" that Mr. Coleman would not have inquired what transpired thereafter and therefore "[o]n summary judgment, [Plaintiff]'s account prevails so we have to assume he knew about the complaint when he fired [Plaintiff]." ECF 44 at PageID 665. That is not the case. Mr. Bar has no "account" to create a question of fact. Indeed, Plaintiff testified that his voicemail to Mr. Coleman merely stated that he needed to talk to him and asked for Mr. Coleman to call him back. ECF 43-3 at PageID 375, 53:1-20. He unequivocally testified that he did <u>not</u> mention the event with Mr. DeBourge. *Id.* Mr. Coleman's testimony that he did not know about the Complaint is uncontroverted.

### d. The *Mys* Doctrine is Inapplicable

Asserting the *Mys* doctrine, Plaintiff claims the "obvious" retaliatory animus of Mr. DeBourge and Mr. Gaedtke must be imputed to Mr. Coleman. ECF 44 at PageID 665. The doctrine does not apply for multiple reasons.

*Mys* holds "if a supervisor performs an act motivated by [retaliatory] animus that is intended by the supervisor to cause an adverse employment action," the employer can be liable if the act is the proximate cause of the employment action. *Mys v. Mich. Dep't of State Police*, 886 F.3d 591, 600 (6th Cir. 2018). As to Mr. Gaedtke, Plaintiff asserts that he influenced Mr. Coleman's decision to terminate Plaintiff, but never states what he said or did, rendering it impossible for Plaintiff to prove causation. He also fails to provide evidence that actions by Mr. Gaedtke, if any, were motivated by retaliatory animus. Given that it is uncontroverted that as Chief Pilot Mr. Gaedtke was required to evaluate Plaintiff's piloting, Plaintiff must provide more than conspiratorial assumptions of retaliation.

As to Mr. DeBourge, the *Mys* doctrine cannot apply because *Mys* requires a "supervisor" to perform the act[2]. The Sixth Circuit already explained that Mr. DeBourge was not a "supervisor" because a Check Airmen's ability to conduct performance evaluations does not constitute the ability to take tangible employment

---

[2] *Mys* held that "[a]n employer is also vicariously liable for retaliation that a **supervisor** initiates against an employee by causing another actor, that might itself lack retaliatory animus, to take an adverse action against the employee." *Mys*, 886 F.3d at 600 (emphasis added).

actions against the person being evaluated. *Bar v. Kalitta Charters II, LLC*, No. 21-1739, 2022 U.S. App. LEXIS 21412, at \*9-\*10 (6th Cir. Aug. 2, 2022). Mr. Coleman has since confirmed that Check Airmen do not have the authority to hire, fire, promote, demote, or reassign any pilot's benefits, which stands uncontroverted. ECF 43-4, PageID 521, ¶ 11 (Ex. C). Plaintiff thus provides no evidence that Mr. DeBourge is a "supervisor" and the *Mys* doctrine does not apply.

The *Mys* doctrine also does not apply because Plaintiff submits no evidence of retaliatory animus. It is uncontested that Mr. DeBourge was a Check Airman whose job was to evaluate the Plaintiff (and other pilots). While Plaintiff accurately notes his feedback was negative, he does not submit any evidence that Mr. DeBourge's detailed statements were untrue, so there is no basis to claim it was retaliation. Plaintiff suggests, without more, that since he complained about Mr. DeBourge almost six months earlier, anything Mr. DeBourge did after that point must be assumed to be retaliatory. That does not satisfy Plaintiff's burden.

### e. Plaintiff Fails to Establish Pretext

To establish pretext, plaintiff must show that the proffered reason for the employer's adverse action "(1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Allen v. Lincare, Inc.*, No. 18-1154, 2018 U.S. App. LEXIS 24322, at \*3-\*4 (6th Cir. Aug. 27, 2018). Plaintiff fails to satisfy these elements.

4

Plaintiff first argues that placing him in remedial training after he caused an aircraft accident was pretext because he told Kalitta it was not his fault. ECF 44 at PageID 660-61. He submits no evidence to support his self-serving version of events. He also ignores the maintenance records he requested in discovery, which show that after the accident, Kalitta requested a check of the autothrottle system and engines and found no defects. Ex. G, Supp. Coleman Decl. at ¶¶ 7-13 (citing Ex. G-1, Maintenance Records). He also fails to explain why no other pilot of the that aircraft ever experienced the mysterious defect. Kalitta's post-accident investigation provided the factual bases for its decision to send both pilots to remedial training and Plaintiff fails to submit any evidence to rebut those findings.

Plaintiff next argues that negative statements by the Check Airmen were pretextual. ECF 44 at PageID 661. This too has no support. Plaintiff did not depose any of the Check Airmen (or any other witnesses) or otherwise evaluate their statements in discovery. Rather, he asks this Court to adopt his unilateral and unsubstantiated interpretation of certain emails. Regardless, the accuracy of the statements are of no matter due to the "honest belief" exception described in Kalitta's opening brief. *See* ECF 43 at PageID 305 (*quoting Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001) ("[A]s long as an employer has an honest belief in its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual simply

5

because it is ultimately shown to be incorrect.")). Thus, Plaintiff's attempt to show

that the Check Airmen's comments were incorrect is irrelevant. The only evidence

before the Court is Mr. Coleman's honest reliance on the various Check Airmen and

training reports in making his decision to terminate Plaintiff.

Plaintiff's interpretation of the emails is also inaccurate. While he cites two

of the three Check Airmen's comments as positive, *they did not approve him to*

*return to unsupervised flight*, destroying Plaintiff's interpretation. While Plaintiff

cites to positive comments as to his "PF skills" or his "flying," that is only one aspect

of his evaluation. The remaining comments show he struggled with the very 737

complexities cited by Mr. Coleman as leading to his ultimate decision. Despite

extensive retraining and evaluation by multiple graders, Plaintiff failed to

demonstrate the requisite proficiency in the operation of the aircraft systems, as

stated in Mr. Coleman's declaration. ECF 43-4, PageID 521, ¶¶ 23-29 (Ex. C)

Plaintiff also misrepresents the timeline of relevant events. Mr. Coleman

solicited input from the three Check Airmen on August 5, 2020 and received their

responses by the next day. *See* ECF 44-2 (Ex. A). Mr. Coleman did not terminate

Plaintiff at that time. Rather, he provided Plaintiff an additional <u>14 hours</u> of

evaluation with Mr. Numbers <u>after</u> he received the three Check Airmen's comments.

ECF 43-4, PageID 521, ¶¶ 27-29 (Ex. C). The decision to terminate Plaintiff was not

made until he still failed to show sufficient progress.

6

Finally, Plaintiff argues that he "can demonstrate" that Mr. Numbers' negative statements were pretextual, but declines to actually do so. Rather, he attaches unauthenticated and incomprehensible hearsay records without more. *See* FN 1, *supra*. Plaintiff apparently expects this Court to act as his expert and independently support his argument. He also fails to submit any evidence that the alleged inaccuracies were retaliatory or that Mr. Numbers knew of his complaint. Plaintiff thus fails to meet any of the elements required to establish a claim of pretext.

In sum, Plaintiff was an inexperienced 737 pilot who caused an accident within months of becoming rated to operate the aircraft. Kalitta spent months and thousands of dollars retraining Plaintiff, paid him the entire time, and gave him numerous opportunities to succeed. He simply could not master the transition to the more complex 737 and was terminated as a result.

Dated: June 6, 2023

Respectfully submitted,

FITZPATRICK, HUNT & PAGANO, LLP

By: s/ Nicholas C. Bart_____

George Kelsey
gkelsey@kelseylaw.com
State Bar No. P15855
KELSEY LAW GROUP, P.C.
Willow Run Airport
49710 Tyler Road Extension
Belleville, Michigan 48111
Telephone: (734) 973-1222
Attorneys For Defendant

Nicholas C. Bart
nick.bart@fitzhunt.com
FITZPATRICK, HUNT & PAGANO, LLP
10 South LaSalle St., Suite 3400
Chicago, IL 60603
(312) 728-4901
State Bar No. 6257719 (IL)

7

## CERTIFICATE OF SERVICE

I, Nicholas C. Bart, certify that on June 6, 2023, I electronically filed the foregoing ***DEFENDANT KALITTA CHARTERS II, LLC's REPLY IN SUPPORT OF FED R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of June 2023

s/ Nicholas C. Bart
**FITZPATRICK, HUNT & PAGANO, LLP**
10 South LaSalle St., Suite 3400
Chicago, IL 60603
(312)728-4901
State Bar No. 6257719 (IL)

George W. Kelsey
gkelsey@kelseylaw.com
Karen L. Girard
kgirard@kelseylaw.com
**KELSEY LAW GROUP, P.C.**
49710 Tyler Road Extension
Willow Run Airport
Belleville, Michigan 48111
(734) 973-1222